PER CURIAM:
Claimant, Ricky L. Lewis, seeks an award from respondent, State of West Virginia, under WV Code§14-2-13a. Claimant contends his constitutional rights have been violated, andas a result, he was unjustly arrested and incarcerated. Claimant also contends that the basis for these violations is racial prejudice.
According to the pleadings and exhibits, claimant went to the Clarksburg City Police Station in Harrison County, at 2:00 p.m., on September 28,1990, where he requested assistance from an officer to apprehend and arrest an individual named Augustine Haymond for violation of a peace warrant. Patrolman J.W. McGahan, III, of the Clarksburg City Police, accompanied claimant to the Strand Pool Hall where Mr. Haymond was a patron. Patrolman McGahan informed claimant that he would not enter the private establishment to make an arrest. Claimant entered the establishment, without Patrolman McGahan, an announced that he was going to make a citizens arrest. Claimant proceeded to initiate an attack upon Mr. Haymond and dragged him to the front door of the establishment. Patrolman McGahan thereupon arrested the claimant and took him before Harrison County Magistrate Kenneth Gorby, where he was formally charged with the misdemeanor of battery.
*162 On January 9, 1991, a two count felony indictment was returned by the Harrison County Grand Jury against the claimant. The two count indictment consisted of a felony and a misdemeanor charge for violation of WV Code §61-2-9 Malicious or unlawful assault; assault, battery; penalties.
On March 5, 1992, claimant entered into a plea agreement with the State of West Virginia wherein he agreed to plead guilty to the misdemeanor charge of battery, and in exchange the State agreed to make a motion to dismiss the felony charge. The Circuit Court of Harrison County entered an order accepting the plea agreement on March 6,1992. The Order stated claimant was to serve 30 days in the Harrison County Correctional Center beginning March 13, 1992.
When deciding whether to grant or deny a motion to discuss a claim under WV Code §14-2-13a, the Court is required to review the claim to determine claimant’s likelihood of success in accordance with the provisions in WV Code §14-2-13a (e) which states as follows:
(e) The claim shall state facts in sufficient detail to permit the court to find that claimant is likely to succeed at trial in proving that (1) in the case of an unjust arrest or imprisonment with a warrant, information or indictment which was subsequently dismissed that another person was arrested or prosecuted and convicted for the same offense or offenses, and (2) in the case of an unjust conviction and imprisonment that the did not commit any of the acts charged in the accusatory instrument or his acts or omissions charged in the accusatory instrument or his acts or omissions charged in the accusatory instrument did not constitute a felony or misdemeanor against the state, and (3) he did not by his own conduct cause or bring about his conviction. The claim shall be verified. If the Court finds after reading the claim that claimant is not likely to succeed at trial, it shall dismiss the claim, either on its own motion or on the motion of the state.
In this instant claim, the State has filed a Motion to Dismiss upon which this claim is now before the Court.
The Court, having reviewed the Motion to Dismiss and the above-cited statutory provision, is of the opinion that the claimant is unlikely to succeed at trial based upon the facts and circumstances of claimant’s arrest and guilty plea. The Court has determined that the claimant cannot meet any of the requirements of subsection (e). It may be possible for the claimant to bring an action in some other State or federal court, but at this time the Court of Claims is not a forum available to the claimant to pursue a claim based upon an unjust arrest and imprisonment. Therefore, the Court must grant the Motion to Dismiss filled on behalf of the State of West Virginia and deny this claim.
Claim disallowed.